By the Court.—Sedgwick, Ch. J.
The first position taken by appellant’s counsel, is that the assignment was never acknowledged, nor was any proceeding ever taken by the respondent to enforce the same, until after the appellant had parted with the money.
The validity of the assignment did not, in any part, depend upon its being acknowledged. Thé making of it, and notice to defendants, operated, through equitable principles to make the defendant a debtor to the plaintiff. The plaintiff lost no right, by not enforcing his cause of action before this suit.
The next position is, that by chapter 473 of the Laws of 1877, any person holding an assignment of a claim of this character, was required to present his assignment before the commission. I do not find any such requirement. The act provided that, in case any person who had furnished goods for armories had sold or assigned his claim, no award should be made to the assignee of a sum greater than was paid by him for such claim; and on the hearing of each . case arising under this act, the commission was to examine and inquire as to any such assignment, and the amount paid (section 4).
This section does not, in fact, apply to this case or to any. other than where the whole of the previous claim has been assigned.
The parties before the commission were the executrix and the present defendant. Both knew of the existence of the assignment to the plaintiff. Both took part in a transaction by which an award was made to the executrix for that portion of the claim that belonged to the defendant. It seems to me but equitable that, as between these parties, it should be considered that the executrix was, in such transaction, acting for and *250 on behalf of the plaintiff, and that the result should ■enure to his benefit.
There is no doubt that the executrix’s claim included the subject assigned to the plaintiff. The city does not take the position that she had no right to what had been assigned to the plaintiff. Gn the contrary, they pay over the whole of the award to the executrix, or to others who claim under Knapp. It must be kept in mind that the plaintiff gave full consideration for the amount he now demands.
The next objection is, that the instrument of assignment was not drawn upon any fund. It was not in form, but it was an assignment of a claim, the same in nature as a chose in action, and the proceeds of that, jpro tanto, belong equitably to the plaintiff.
The executrix was not a party to the action. The plaintiff’s position is that he is owner of the fund, pro tanto. It was not necessary that he should make the representative of his assignor a party defendant.
Judgment affirmed, with costs.
Truax, J., concurred.